**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4116

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NASIRA JEQUAN YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00230-TDS-1)

Submitted:  January 22, 2026                    Decided:  January 26, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Lauren Elizabeth Martin, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nasira Jequan Young pleaded guilty, pursuant to a written plea agreement, to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced Young within the applicable Sentencing Guidelines range to 87 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Young's plea was knowing and voluntary, and whether his sentence is reasonable. Young filed a pro se supplemental brief arguing that the Government breached the plea agreement because his sentence was higher than he expected and that he did not receive a three-point reduction in base offense level for acceptance of responsibility. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Young's plea agreement. We dismiss in part and affirm in part.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Young knowingly and voluntarily pleaded guilty and waived his right to appeal, and that the Government abided by the terms of the plea agreement. Accordingly, we grant the Government's motion to dismiss as to all issues within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Young's valid appeal waiver.

2

We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.  This court requires that counsel inform Young, in writing, of the right to petition the Supreme Court of the United States for further review. If Young requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Young.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*